

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TAMMY LYNN HOLLY,
        Plaintiff,

v.                                                   Civil Case No. 3:25cv514

HILTON WORLDWIDE HOLDINGS, INC.,
*et al.*,
        Defendants.

## MEMORANDUM ORDER

Tammy Lynn Holly, a Texas resident, brings this suit *pro se* in a Virginia federal court for injuries sustained at a Jamaican resort. One defendant, Playa Management USA, LLC ("PMUSA"), asks the Court to dismiss it from the case pursuant to a forum selection clause, or, alternatively, based on the doctrine of *forum non conveniens* and a lack of personal jurisdiction. (Mot. to Dismiss, ECF No. 7.) Because Holly signed a mandatory and reasonable forum selection clause requiring her to bring suit in Jamaica, the Court will grant the motion and dismiss PMUSA from this case.

### I. BACKGROUND

#### A. Relevant Facts[1]

Texas resident Holly planned to celebrate her granddaughter's graduation at the Hilton Rose Hall Resort & Spa in Montego Bay, Jamaica. (Compl., ECF No. 1 ¶¶ 9, 14.) When she arrived at the resort in the summer of 2023, Holly signed a one-page guest registration card. (Decl.

---

[1] In resolving motions to dismiss for *forum non conveniens*, a court may look to evidence outside the complaint. *See Van Cauwenberghe v. Biard*, 486 U.S. 517, 529 (1988) (allowing district courts to resolve *forum non conveniens* issues "on affidavits presented by the parties"). Accordingly, the Court relies here on declarations submitted by PMUSA.

of Hotel Manager, ECF No. 7-1 ¶ 14.) This card contained a "NOTICE TO GUEST," which read as follows:

> By signing this document, you hereby acknowledge and agree (on behalf of yourself and any accompanying individuals staying in the same guest room), that all services provided at the Hotel premises are subject to applicable laws and regulations in Jamaica. As a result, any incident, complaint, demand, claim or legal proceeding shall be submitted to the exclusive jurisdiction of the Jamaican courts and subject to Jamaican laws and regulations. You, on behalf of yourself and any accompanying individuals staying in the same guest room, hereby expressly waive any right to challenge jurisdiction or venue in such courts (or applicable law) due to your current or future place of residence or nationality.

(*Id.*) The resort claims to allow guests the "opportunity to read" the notice and the ability to opt out of its forum selection clause. (*Id.* ¶¶ 15, 16.)

On July 5, 2023, "a large palm tree branch" fell and struck Holly's right shoulder while she vacationed on the resort's grounds. (Compl., ECF No. 1 ¶ 10.) She sought medical attention for severe pain and bruising, but the resort had only unlicensed medical staff on-site. (*Id.* ¶ 11.) As the pain intensified, Holly could not "participate in the planned family excursions and activities." (*Id.* ¶ 13.) And when she returned to Texas, Holly could not "work or drive for approximately one month due to the injury." (*Id.* ¶ 15.) She claims the injury cost her $40,000 in lost income and $15,000 in vacation expenses. (*Id.* ¶¶ 14, 16.) She also seeks damages for pain and suffering and other expenses. (*Id.* ¶ 16.)

### B. Procedural Background

For these injuries, Holly filed the instant suit in the Eastern District of Virginia on July 7, 2025. (*See id.* at 1.) She names five defendants: Hilton Worldwide Holdings, Inc.; Hilton Domestic Operating Company, Inc.; Hilton Resorts Corp.; Playa Hotels & Resorts N.V.; and the moving defendant, PMUSA. She brings claims of negligence, gross negligence, and failure to warn pursuant to "premises liability" against all five defendants. (*Id.* ¶¶ 17–23.)

Holly timely returned proof of service, but only as to PMUSA.[2] PMUSA then filed the instant motion. (ECF No. 7.) It further moved to stay proceedings pending a ruling on its motion to dismiss. (ECF No. 8.) Both motions are now ripe.

## II. DISCUSSION

### *A. Legal Standard*

Courts may dismiss cases due to forum selection clauses, the doctrine of *forum non conveniens*, or lack of personal jurisdiction.[3] Although courts usually first address jurisdictional arguments, "the Supreme Court [has] held that a court may dismiss a case on *forum non conveniens* grounds, without first addressing personal . . . jurisdiction."[4] When the *forum non conveniens* considerations "weigh heavily in favor of dismissal," the Court may "properly" take "the less burdensome course." *Sinochem*, 549 U.S. at 436.

The "doctrine of *forum non conveniens*" provides the "appropriate way to enforce a forum-selection clause pointing to a . . . foreign forum." *Atl. Marine*, 571 U.S. at 60. In other words, the presence of a valid, mandatory forum selection clause automatically renders the chosen forum the proper place to litigate. *See id.* And when the clause mandates a forum outside the United States's federal court system, it "should be given controlling weight in all but the most exceptional circumstances." *Id.* at 63.

---

[2] The returned summonses purport to have served Playa Hotels & Resorts N.V. and Hilton Worldwide Holdings, Inc. (ECF No. 3, at 1, 6.) The attached affidavits, however, offer proof of service only as to PMUSA via its registered agent in Virginia. (*Id.* at 3, 9.)

[3] *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W.D. Tex.*, 571 U.S. 49, 60 (2013) (forum selection clause); *AdvanFort Co. v. Zamil Offshore Servs. Co.*, 134 F.4th 760, 767 (4th Cir. 2025) (*forum non conveniens*); Fed. R. Civ. P. 12(b)(2) (personal jurisdiction).

[4] *Trustguard Ins. Co. v. Collins*, 942 F.3d 195, 201 (4th Cir. 2019) (alteration and emphasis added) (citing *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007)).

Accordingly, for a court to enforce a forum selection clause through dismissal, it must first determine "whether the clause is mandatory or permissive." *Orion Worldwide Travel, LLC v. Commonwealth Foreign Exchange, Inc.*, No. 1:09cv1148, 2009 WL 4064109, at *2 (E.D. Va. Nov. 20, 2009) (citations omitted). Upon finding mandatory language, a court presumes "that such clauses are prima facie valid" and enforces them unless "'unreasonable' under the circumstances." *M/S Brennan v. Zepata Off-Shore Co.*, 407 U.S. 1, 10 (1972) (footnote omitted). Four factors demonstrate unreasonableness: (1) that formation "was induced by fraud or overreaching"; (2) that the plaintiff will "be deprived of his day in court"; (3) that the law of the chosen forum "may deprive the plaintiff of a remedy"; and (4) that enforcement would contravene public policy. *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996) (citations omitted). Finally, non-signatories may enforce a valid and reasonable forum selection clause when "they are so closely related to the dispute that it is foreseeable that they will be bound." *Servicios Latinos, Inc. v. Gomez*, No. 2:24cv182, 2024 WL 4702816, at *4 (E.D. Va. Nov. 6, 2024) (cleaned up).

### *B. Application*

The Court will dismiss PMUSA because Holly signed a mandatory and enforceable forum selection clause. Accordingly, the Court need not address the remaining *forum non conveniens* or personal jurisdiction arguments. *See Sinochem*, 549 U.S. at 436.

#### *1. Mandatory Nature of the Clause*

"A mandatory forum selection clause contains language unambiguously indicating that the venue indicated is the exclusive venue in which claims can be brought." *Garrett v. Gulf Stream Coach, Inc.*, No. 3:08cv792, 2009 WL 936297, at *3 (E.D. Va. Apr. 7, 2009) (citation omitted). Here, the forum selection clause states that "*any* incident, complaint, demand, claim or legal proceeding shall be submitted to the *exclusive* jurisdiction of the Jamaican courts and subject to

4

Jamaican laws and regulations." (Decl. of Hotel Manager, ECF No. 7-1 ¶ 14 (emphases added).) This language alone renders the clause mandatory. *See Carrelo v. Keystone RV Co.*, No. 3:23cv661, 2024 WL 3732463, at *10 (E.D. Va. Aug. 6, 2024) (finding a clause mandatory through the word "exclusive").

### 2. *Reasonableness of the Clause*

Courts may enforce reasonable forum selection clauses. *See M/S Brennan.*, 407 U.S. at 10. Here, PMUSA contends that all four "reasonableness" factors point in its favor. (Def.'s Br., ECF No. 7, at 6– 8.) Holly, however, states that the clause "cannot override [her] right as a U.S. resident to seek relief in a federal court where Defendants conduct substantial business." (Pl.'s Response, ECF No. 12 ¶ 5.) She also contends that "enforcing a foreign forum selection clause would be unreasonable because Plaintiff's claims are closely tied to her residence in the U.S., and she had no meaningful opportunity to negotiate the contract or forum selection clause." (*Id.*)

The Court begins its analysis by recognizing that the proper "reasonableness" test does not hinge on a defendant's substantial business contacts with a forum. *See Allen*, 94 F.3d 923 (4th Cir. 1996). Further, the Court notes that Holly's claims more closely tie to Jamaica than to her U.S. residence. She alleges negligence in the care and upkeep of a Jamaican resort, and she alleges that her injuries began at that very resort. (Compl., ECF No. 1 ¶¶ 9, 10, 14.) But because Holly contests the reasonableness on other grounds, the Court will examine the four factors that constitute the proper test.

### a. *Lack of Fraud or Overreaching*

The Court may not enforce forum selections clauses entered into by fraud or overreach. *Allen*, 94 F.3d at 928. This anti-fraud rule does not mean "that a nonnegotiated forum-selection clause in a form [] contract is never enforceable simply because it is not the subject of bargaining."

5

*Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593 (1991). Indeed, the Supreme Court has enforced nonnegotiated forum selection clauses where one party has "a special interest in limiting the fora in which it potentially could be subject to suit."[5] In that case, a cruise line had such an interest because "a cruise ship typically carries passengers from many locales" who may open the business "to litigation in several different fora."

Here, the resort, like the cruise line before the Supreme Court, hosts guests from all over the world. Holly's own international travel evidences this fact. (*See* Compl., ECF No. 1 ¶ 15 (describing Holly's travel back "to Texas").) Accordingly, one party to the instant forum selection clause had "a special interest in limiting the fora." *Carnival*, 499 at 593. So even if Holly had no meaningful opportunity to negotiate, the Court may still enforce the contract. Further, Holly does not allege any particular fraud, so the Court cannot find the forum selection clause unreasonable on that basis either.

### b. Holly's Day in Court

Courts generally consider a plaintiff's ability to access a court in the clause's chosen forum. *See Orion*, 2009 WL 4064109, at *3. Nevertheless, "mere inconvenience and expense are insufficient to render enforcement of a forum selection clause unreasonable." *Rice Contracting Corp. v. Callas Contractors, Inc.*, No. 1:08cv1163, 2009 WL 21597, at *4 (E.D. Va. Jan. 2, 2009.) Accordingly, to the extent Holly argues that her close ties to the United States make Jamaica an inconvenient and expensive forum, the argument fails.

---

[5] *Id.* at 593. The Supreme Court actually found "several reasons" why courts could enforce nonnegotiated forum selection clauses, including potential economic benefits to customers and reducing litigation confusion. *See id.* at 593–94. Still, the "special interest" rationale most applies here.

*c. Available Remedy*

A reasonable forum selection clause does not deprive the plaintiff of a remedy. *Allen*, 94 F.3d at 928. Holly does not contend that Jamaican law prevents her from recovering damages for her alleged injuries, so the Court need not say more. *See The Hipage Co. v. Access2Go, Inc.*, 589 F. Supp. 2d 602, 613 (E.D. Va. 2008). Nevertheless, the Court notes that Jamaican courts allow liability for failure to maintain property or warn others of dangers on property. *See, e.g.*, *Shtern v. Villa Mora Cottages Ltd.* [2012] JMCA 20 (discussing liability under the Jamaican Occupiers' Liability Act). Holly, then, would have a possible remedy in Jamaica.

*d. Public Policy*

Public policy does not render the forum selection clause unreasonable. Rather, it favors the "presumptive validity [of the clause] based in part on the public policy of the freedom of contract." *Orion*, 2009 WL 4064109, at *4. Any plaintiff asserting otherwise faces a "high bar." *Id.* As discussed, close ties to other fora or lack of negotiation do not meet that bar.

Accordingly, the Court can enforce the reasonable forum selection clause.

*3. Non-Signatory*

Finally, the Court addresses how PMUSA, which did not sign the relevant contract, may enforce the forum selection clause. When an "agreement explicitly contemplates the instant scenario," "it is 'foreseeable' that [a non-signatory] will be bound." *Servicios Latinos*, 2024 WL 4702816, at *4. Here, the forum selection clause itself contemplates a forum for claims arising from "services provided at the Hotel premises." (Decl. of Hotel Manager, ECF No. 7-1 ¶ 14.) Because Holly contends that PMUSA failed to properly maintain those very premises, one could reasonably foresee that the clause would cover Holly's instant claims.

## III. CONCLUSION

Holly may very well deserve compensation for her injuries. But because of the forum selection clause she signed, this Court will not opine on that question. A Jamaican court should. Accordingly, the Court GRANTS PMUSA's motion to dismiss, (ECF No. 7), and DISMISSES the company without prejudice from this case. Further, the Court DENIES AS MOOT the pending motion to stay, (ECF No. 8).

It is so ORDERED.

Let the Clerk send a copy of this Memorandum Order to all counsel of record and to Holly at her last known address.

Date: 5 February 2026
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge